**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

AFFILIATED FM INSURANCE CO.                    CIVIL ACTION NO. 14-0661

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

C. STEWART SLACK, ET AL.                       MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment (Record Document 31) filed by Defendant, The Wieland-Davco Corporation ("Wieland-Davco"). Wieland-Davco seeks the dismissal with prejudice of all of the claims, demands, and causes of action asserted by Plaintiff, Affiliated FM Insurance Company ("Affiliated FM"), against Wieland-Davco in excess of The Tire Rack, Inc.'s ("Tire Rack") $100,000 insurance deductible. See id. Affiliated FM has opposed the motion. See Record Document 33. For the reasons set forth below, Wieland-Davco's Motion for Partial Summary Judgment is **GRANTED**.

## BACKGROUND

On March 1, 2011, Tire Rack entered into a lease ("the Lease") with TenCal Shreve Park, LLC ("TenCal") for land, in addition to a building of 257,400 square feet yet to be constructed. The building was to serve as Tire Rack's tire distribution facility. Pursuant to the Lease, Tire Rack was required to obtain property insurance for the building, its fixtures anc contents located thereon:

> …[Tire Rack] shall carry and maintain special causes of loss coverage insurance covering the Building and all Building fixtures and systems for one hundred percent (100%) of the full replacement value thereof, including debris removal and demolition. Such insurance will provide coverage for direct physical loss from special causes of loss. All policy proceeds shall be payable to [TenCal] or at [TenCal's] option [TenCal's] mortgagee, provided that all policy proceeds shall be utilized for the repair or replacement of the Building . . .

. . .

> [Tire Rack shall carry] [i]nsurance covering [Tire Rack's] Work and all of [Tire Rack's] furniture and fixtures, machinery, equipment, stock and any other personal property owned and used in [Tire Rack's] business and found in, on or about the Building, and any leasehold improvements to the Premises made by [Tire Rack] . . .

Record Document 31, Exhibit 1 at AFFILIATED/TIRE RACK-000107 - 000108.  The Lease also contained a waiver of subrogation clause:

> 15.5 <u>Waiver of Subrogation</u>.  [TenCal] and [Tire Rack] each waive any and all rights to recover against the other or against the agents, employees and **contractors** of such other party for any loss or damage to such waiving party in excess of the deductible amounts arising from any cause covered by any insurance required to be carried by such party pursuant to Section 15 or any other insurance actually carried by such party to the extent of the limits of such policy.  [TenCal] and [Tire Rack], from time to time, will cause their respective insurers to issue appropriate waiver of subrogation rights endorsements to all insurance policies carried in connection with the Premises or the contents of the Premises.  [Tire Rack] agrees to cause all other occupants of the Premises claiming by, under or through [Tire Rack], to execute and deliver to [TenCal] such a waiver of claims and to obtain such waiver of subrogation rights endorsements.

<u>Id.</u>, Exhibit 1 at AFFILIATED/TIRE RACK-000109 (emphasis added).

Tire Rack obtained a policy of insurance from Affiliated FM that insured "against all risks of direct physical loss or damage to the building and its contents."  <u>Id.</u>, Exhibit 2.  The policy provided that Affiliated FM would "not acquire any rights of recovery that [Tire Rack] has expressly waived prior to a loss."  <u>Id.</u>, Exhibit 2 at AFFILIATED/TIRE RACK-000046.

Wieland-Davco entered into a Standard Form of Agreement Between Owner and Design-Builder, AIA-Document A14-2004 ("Design-Build Agreement"), with TenCal on May 10, 2011 for the construction of the Tire Rack distribution center located at 5417 Campus Drive in Shreveport, Louisiana.  <u>See id.</u>, Exhibit 3-A.  The Design-Build Agreement also contained a waiver of subrogation clause:

> **§ A.11.4.7 Waivers of Subrogation.** [TenCal] and [Wieland-Davco] waive all rights against each other and any of their consultants, separate contractors described in Section A.6.1, if any, Contractors, Subcontractors, agents and employees, each of the other, and any of their contractors, subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Section A.11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary.

Id., Exhibit 3-A at 27.  After Wieland-Davco entered into the Design-Build Agreement, it entered into several agreements and contracts with design professionals and contractors for the design and construction of the distribution center.  See id., Exhibit 3.

A certificate of substantial completion was filed in the Caddo Parish mortgage records on May 18, 2012.  See id., Exhibit 3-B.  On or about March 30, 2013, less than 2 years after the construction was completed, the roof of the distribution center collapsed, causing substantial damage to Tire Rack.

Affiliated FM contends that the defendants were negligent in design and construction of the roof drainage system and structural supporting members, which allegedly led to the partial roof collapse.  Affiliated FM filed the instant subrogation action seeking recovery of $2,591,821, inclusive of Tire Rack's $100,000 deductible, in payments it made pursuant to the aforementioned insurance policy it issued to Tire Rack.  In its Motion for Partial Summary Judgment, Wieland-Davco seeks dismissal with prejudice of all of the claims, demands, and causes of action asserted by Affiliated FM against Wieland-Davco in excess of Tire Rack's $100,000 insurance deductible.

## LAW AND ANALYSIS

**I.     Partial Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1]  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728.  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

---

[1]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

## II.   Waiver of Subrogation Clause.

Subrogation is the substitution of one person to the rights of another. See McAuslin v. Grinnell Corp., No. CIV. A. 97-803, 1999 WL 203279, at *2 (E.D. La. Apr. 8, 1999), citing La. C.C. Art. 1825. A subrogee has no greater rights than those of its subrogor. See id., citing Complaint of Admiral Towing and Barge Co., 767 F.2d 243, 250 (5th Cir.1985). Thus, if an insured-subrogor is barred from bringing a particular claim, its subrogated insurer may not bring that claim, even if the insurer refused to waive its subrogation rights. See id.

There is no dispute that Affiliated FM can legally be subrogated to the rights of Tire Rack, its insured. Yet, here, the fate of Affiliated FM's claim against Wieland-Davco is dependent on the interpretation of the waiver of subrogation clause quoted above. Thus, the Court must determine whether the Lease barred Tire Rack, the subrogor, from bringing a claim against TenCal's contractor, Wieland-Davco, in excess of Tire Rack's $100,000 deductible. If so, Tire Rack's insurer and the subrogee, Affiliated FM, is also barred from bringing such a claim. See McAuslin, 1999 WL 203279, at *2.

The Lease contract is the law between TenCal and Tire Rack. See Carriere v. Bank of Louisiana, 95-3058 (La. 12/12/96), 702 So.2d 648, 666. It defines their respective rights and obligations. See id. The Court finds that the waiver of subrogation clause in the

Lease is clear and explicit.  See La. C.C. Art. 2046; Kappa Loyal, LLC v. Plaisance Dragline & Dredging Co., Inc., 03-124 (La.App. 5 Cir. 6/19/03), 848 So.2d 765, 769.  It clearly provides that TenCal and Tire Rack "each waive any and all rights to recover against the other or against the agents, employees and **contractors** of each other party for any loss or damage to such waiving party in excess of deductible amounts arising from any cause covered by insurance required to be covered by such party pursuant to [the Lease] or any other insurance actually carried by such party to the extent of the limits of such policy."   Record Document 31, Exhibit 1 at AFFILIATED/TIRE RACK-000109 (emphasis added).  As a matter of law, this wording is clear, explicit and does not lead to absurd consequences.  Based on the waiver of subrogation clause, together with the insurance requirements in the Lease, this Court finds that TenCal and Tire Rack's intent was to waive claims against each other and some classes of third parties, such as each other's contractors, for damage and losses to the building and contents covered by insurance.

Wieland-Davco argues in its motion that it is a third party beneficiary to the waiver of subrogation clause contained in the Lease.  Affiliated FM has not challenged Wieland-Davco's position on this point.  Stipulations in favor of third persons, also known as *stipulations pour autrui*, are favored under Louisiana law.  See Andrepont v. Acadia Drilling Co., 255 La. 347, 357, 231 So. 2d 347, 350 (1969).  There are "three criteria for determining whether contracting parties have provided a benefit for a third party:  1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract."  Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1212.

Page 6 of  9

Here, the Court finds that all three criteria are met because the waiver of subrogation clause is clear and unambiguous; the benefit to contractors such as Wieland-Davco is certain, as the waiver extends to all losses covered by insurance; and the inclusion of "contractors" in the waiver of subrogation clause was a stipulated benefit.

In opposing the Motion for Partial Summary Judgment, Affiliated FM makes two arguments. First, it argues that summary judgment is not proper because the record is incomplete.  More specifically, Affiliated FM contends that the copy of the Lease, Exhibit 1,  upon which Wieland-Davco relies is not fully executed by both the landlord and tenant. Next, it argues that Wieland-Davco has failed to establish that Affiliated FM had notice of the waiver of subrogation provision.  The Court finds both of these arguments to be unconvincing.

There is no dispute that the Lease attached as Exhibit 1 to Wieland-Davco's motion is unsigned by the Landlord, TenCal.  See Record Document 31, Exhibit 1 at AFFILIATED/TIRE RACK-000126.  However, the Court notes that Wieland-Davco, as part of its reply, has produced a signed copy of page 41 of the Lease, which bears the signatures of a representative of Tire Rack and a representative of TenCal.  See Record Document 34, Exhibit 4.   Wieland-Davco has also submitted the "All Purpose Acknowledgment" dated March 2, 2011, which notarized the signature of TenCal's representative to the Lease.  See id., Exhibit 5.  Therefore, this Court finds that there is now a fully executed Lease - and the waiver of subrogation clause therein - as part of the summary judgment record.

Affiliated FM contends that summary judgment is inappropriate because Wieland-Davco has no presented no evidence that Affiliated FM had knowledge of or consented to

the waiver of subrogation provision.  This argument fails, as Affiliated FM relies upon a Pennsylvania case and an Eastern District of Louisiana admiralty case to support this contention, but ignores Louisiana case law upholding waiver of subrogations clauses contained in construction contracts and leases.  See Gray Ins. Co. v. Old Tyme Builders, Inc., 2003-1136 (La. App. 1 Cir. 4/2/04), 878 So. 2d 603, 605 (La. Ct. App.), *writ denied*, 2004-1067 (La. 6/18/04), 876 So. 2d 814 & McAuslin, 1999 WL 203279.  Neither of these Louisiana cases limit the application of waiver of subrogation clauses to only those cases in which the insurer had notice of or consented to the waiver.

This Court finds that the undisputed material facts establish that TenCal and Tire Rack expressly agreed to a waiver of subrogation clause that included any and all claims against each other and their contractors, such as Wieland-Davco, "in excess of deductible amounts arising from any cause covered by any insurance" for loss or damage to the building and its contents.  Consequently, Affiliated FM has no greater rights against Wieland-Davco than Tire Rack.  Affiliated FM's potential recovery against Wieland-Davco is limited to Tire Rack's $100,000 deductible.

## CONCLUSION

Based on the foregoing, this Court finds that Affiliated FM has failed to raise a genuine dispute as to any material fact concerning the enforceability of the waiver of subrogation clause.  Wieland-Davco is entitled to judgment as a matter of law and dismissal with prejudice of all claims, demands and causes of action Affiliated FM has asserted against it in excess of Tire Rack's $100,000 deductible.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Record Document 31) filed by Wieland-Davco be and is hereby **GRANTED**.  All of the claims, demands and causes of action Affiliated FM has asserted against Wieland-Davco in excess of Tire Rack's $100,000 deductible be and are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of August, 2015.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE